IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JAMES LESLIE KESMAN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11cv504 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Leslie Kesman, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After conducting a *de novo* review, and after careful consideration of the pleadings and applicable law, the court concludes petitioner's claims are without merit and his objections should be overruled. While petitioner disagrees with the Magistrate Judge's review of his claims and the conclusions reached, petitioner must be mindful that the "pivotal question is whether the state court's application of the Strickland standard was unreasonable." *See Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 785, 178 L.E.2d 624 (2011). As the magistrate judge observed, a federal habeas court

must focus on "the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *See Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

After careful *de novo* consideration of petitioner's claims, the court concludes petitioner has failed to meet his burden of proof. Petitioner has failed to show either that counsel's performance was deficient or that he was prejudiced as a result of counsel's performance in accordance with the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Section 2254 review under the AEDPA is a "difficult to meet" and "highly deferential standard for evaluating state-court rulings." *See Clark v. Thaler*, 673 F.3d 410, 415-16 (5th Cir. 2012) (quoting *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

The state court found counsel's strategic decision regarding the presentation of witnesses to be reasonable in light of the damaging evidence which otherwise could have been introduced. While petitioner may disagree with the weight which certain evidence was afforded and with the state court's conclusions, petitioner has failed to show that the court's determinations were unreasonable. Therefore, petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, this petition should be denied.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires

the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **March, 2015.**

_____
Ron Clark, United States District Judge